UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

EUFROSINA DIACONU,

                Plaintiff,

      -against-                                   8:13-CV-0317 (LEK/RFT)

COUNTY OF FRANKLIN, *et al.*,

                Defendants.

## MEMORANDUM-DECISION and ORDER

**I.    INTRODUCTION**

*Pro se* Plaintiff Eufrosina Diaconu ("Plaintiff") alleges that she was defrauded at a tax foreclosure real estate auction in 2005 by Defendants County of Franklin ("Franklin County"), Office of Jonathan J. Miller, Esq. ("Miller"), Bryon A. Varin ("Varin"), and Earl J. LaVoie ("LaVoie") (collectively, the "County Defendants"); Community Bank System, Inc. and Mark E. Tryniski (collectively "Community Bank"); and Ocwen Federal Bank FSB, Ocwen Financial Corporation, and Randal M. Farris (collectively "Ocwen"). Dkt. No. 1 ("Complaint"). Presently before the Court are: (1) Motions to Dismiss by the County Defendants and Community Bank; (2) Plaintiff's Motions for summary judgment; and (3) Plaintiff's request for reconsideration of the Clerk's denial of her request for a default entry. Dkt. Nos. 29 ("County Motion"); 50 ("Community Motion"); 40 ("Plaintiff's Motion"); 68 ("Plaintiff's Amended Motion"); 58 ("Plaintiff's Request"). For the following reasons, the County Defendants' and Community Bank's Motions to dismiss are granted, Plaintiff's Motions are denied, and the Complaint is dismissed in its entirety.

## II. BACKGROUND[1]

### A. Factual Background

On October 26, 2005, Plaintiff attended a real estate auction in which a number of properties held by Franklin County were to be sold. Compl. ¶ 29. Franklin County employed a professional real estate auctioneer to market and sell the foreclosed properties. See id. In preparation for the auction, the auctioneer published a brochure, which included a description and picture of the available properties. Id. ¶ 31. The brochure also indicated that all parcels were sold "as is," included no personal property, and no warranty was made by Franklin County concerning the condition of the property or any defect in title. Id. ¶¶ 33, 35. Additionally, in order to participate in the auction, each attendee was required to sign the "Terms and Conditions of the Auction," which included these same provisions. See id. ¶ 31.

At issue are two properties that Plaintiff successfully purchased at the auction: a parcel located in the Town of Dickinson, NY (the "Dickinson property"), and another parcel in the Village of Malone, NY (the "Malone property"). Compl. ¶¶ 36-43. Plaintiff claims that the Dickinson property was listed as including a mobile home; but, in September 2010, she discovered that the mobile home was not actually located on the Dickinson property, and that it belonged to Ocwen. Id. ¶¶ 36-37. With respect to the Malone property, in 2006 Plaintiff evicted its long-time tenant and discovered that the Malone property contained a large amount of hazardous waste that had not been previously disclosed to her. Id. ¶ 41. Plaintiff incurred significant expense in removing the waste

---

[1] In deciding a motion to dismiss for failure to state a claim, the allegations of the Complaint are accepted as true. See Boyd v. Nationwide Mut. Ins. Co., 208 F.3d 406, 408 (2d Cir. 2000); see also Matson v. Bd. of Educ., 631 F.3d 57, 72 (2d Cir. 2011) (noting that, in addressing a motion to dismiss, a court must view a plaintiff's factual allegations "in a light most favorable to the plaintiff and draw[] all reasonable inferences in her favor").

from the Malone property and claims that the County Defendants are liable to reimburse her. See id. ¶ 42.

### B. Procedural History

Plaintiff originally brought suit only against Franklin County in New York Supreme Court, County of Franklin. Compl. ¶ 46. Plaintiff alleged that she was defrauded by Franklin County because the Dickinson property did not include the mobile home as advertised, and the condition of the Malone Property was not disclosed prior to the auction. Dkt. No 31-7 at 4. Plaintiff's complaint was dismissed for failure to state a claim because fraud is an intentional tort, and the brochure and Terms and Conditions, both of which clearly indicated that properties were sold "as is" and did not include any personal property, negated any possible finding of intent to defraud by Franklin County. Id. Plaintiff did not appeal the state court's decision. See Dkt. No. 67 ("Plaintiff's Response") at 2.[2] Plaintiff then commenced this action on March 20, 2013. Compl.

## III. LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)); see also FED. R. CIV. P. 12(b)(6). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. See Allaire Corp. v. Okumus, 433 F.3d 248, 249-50 (2d Cir. 2006). A complaint may be dismissed

---

[2] Plaintiff claims that Miller and the County of Franklin Clerk's Office "intentionally sabotaged the case" by refusing to process her appeal in May 2012. Pl.'s Resp. at 3. However, Plaintiff has not provided any factual allegations to support her claim. Furthermore, even accepting Plaintiff's allegation as true, as discussed *infra*, Plaintiff has failed to state a claim upon which relief may be granted.

3

pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." Id. at 556. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. (citing Twombly, 550 U.S. at 555). Where a court is unable to infer more than the mere possibility of the alleged misconduct based on the pleaded facts, the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. See id. at 678-79.

## IV.   DISCUSSION

### A. Claims Against the County Defendants

The County Defendants argue that Plaintiff's Complaint should be dismissed because: (1) her claims are barred under the applicable statute of limitations; (2) she failed to comply with notice of claim requirements; (3) Plantiff's Complaint fails to state a claim; and (4) her claims are barred by the doctrines of collateral estoppel and res judicata. See generally Cnty. Mot.

*1. Statute of Limitations*

Under New York Civil Practice Law and Rules § 213(8), the statute of limitations for a claim of fraud is (1) "six years from the commission of the fraud" or (2) "two years from the time the plaintiff discovered, or could with reasonable diligence have discovered, the fraud, whichever is later." "[A] plaintiff 'could, with due diligence, have discovered' the fraud when provided sufficient facts to place [her] on 'inquiry notice.'" Gander Mountain Co. v. Islip U-Slip LLC, 923 F.

Supp. 2d 351, 364 (N.D.N.Y. 2013) (quoting Aldrich v. Marsh & McLennan Cos., Inc., 861 N.Y.S.2d 30, 31 (App. Div. 2008)). "A plaintiff need not be aware of all aspects of the alleged fraud to be on inquiry notice; rather, a plaintiff is on inquiry notice at 'the time at which the plaintiff should have discovered the [fraud].'" In re Merrill Lynch Ltd. P'ships Litig., 7 F. Supp. 2d 256, 266 (S.D.N.Y. 1997), aff'd, 154 F.3d 56 (2d Cir. 1998) (quoting In re Integrated Res., Inc. Real Estate Ltd. P'ships Sec. Litig., 851 F. Supp. 556, 568 (S.D.N.Y. 1994). The Second Circuit has stated that "[t]he test as to when fraud should have with reasonable diligence been discovered is an objective one." Armstrong v. McAlpin, 699 F.2d 79, 88 (2d Cir. 1983).

"On a motion to dismiss, when the facts alleged in the complaint indicate that, with reasonable diligence, plaintiffs should have uncovered the alleged fraud prior to the limitations period, the claim will be time-barred." Griffin v. McNiff, 744 F. Supp. 1237, 1255 (S.D.N.Y. 1990), aff'd, 996 F.2d 303 (2d Cir. 1993) (citing Armstrong, 699 F.2d at 88). "A party seeking to avoid the bar of the statute [of limitations] on account of fraud must aver and show that [s]he used due diligence to detect it." Abercrombie v. Andrew Coll., 438 F. Supp. 2d 243, 266 (S.D.N.Y. 2006) (citing Moll v. U.S. Life Title Ins. Co. of N.Y., 700 F. Supp. 1284, 1293 (S.D.N.Y. 1988)). "General assertions of ignorance and due diligence without more specific explanation . . . will not satisfy the [ ] pleading requirements." Philip Morris v. Heinrich, No. 95 CIV 0328, 1996 WL 363156, at *12 (S.D.N.Y. June 28, 1996).

With respect to the Dickinson property, Plaintiff argues that her claim is not barred by the statute of limitations because her legal cause of action did not accrue until 2010, when she discovered that the mobile home was not on her property, and that she has six years from that date to bring her claim for fraud. Pl.'s Resp. at 2. The Court is mindful that "[w]hen assessing the

5

sufficiency of a complaint . . . particular deference should be afforded to a *pro se* litigant." Abdullah v. Goord, No. 06-CV-0622, 2007 WL 2789479, at *4 (N.D.N.Y. Sept. 24, 2007) (Kahn, J.); see also Erickson v. Pardus, 551 U.S. 89, 93 (2007) ("[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976) (internal quotations omitted)). However, Plaintiff's argument is in direct conflict with well-settled law. N.Y. C.P.L.R. § 213(8) is clear that in a real estate transaction, the "commission of the fraud" occurs at the time of conveyance, not when the fraud is discovered. See, e.g., Island Holding, LLC v. O'Brien, 775 N.Y.S.2d 72, 74 (App. Div. 2004) (noting, in relevant part, that under § 213(8), "where actual fraud is alleged, the statute of limitations is six years from the fraudulent transfer"); Piedra v. Vanover, 579 N.Y.S.2d 675, 679 (App. Div. 1992) (finding claim for fraudulent deed conveyance brought more than six years after transfer of deed barred by applicable statute of limitations).

Here, both property deeds were conveyed shortly after the auction on November 3, 2005. Dkt. No. 31, Ex. C-D.[3] Therefore, the "commission of the fraud" occurred in 2005, not 2010. See O'Brien, 775 N.Y.S.2d at 74. Under the first provision of § 213(8) the statute of limitations is six years from the date the fraud was committed, N.Y. C.P.L.R. § 213(8), and thus Plaintiff was

---

[3] The Court notes that Plaintiff did not attach the property deeds to the Complaint; rather, they were submitted with the County Motion to dismiss. See Dkt. No. 31. In deciding a motion to dismiss, ordinarily the Court may not consider matters outside of the complaint. See Global Network Commc'ns, Inc. v. City of New York, 458 F.3d 150, 156 (2d Cir. 2006). However, the Court may consider extrinsic materials that are "integral to the plaintiff's complaint or materials subject to judicial notice." See Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 47-48 (2d Cir. 1991); see also Fed. R. Evid. 201(c)(1). "On a motion to dismiss, courts may take judicial notice of public records, such as properly recorded deeds." Awan v. Ashcroft, No. 09-CV-1653, 2010 WL 3924849, at *2 (E.D.N.Y. Sept. 28, 2010). Accordingly, the Court takes judicial notice of the existence and date of the deeds at issue here.

6

required to file her claim by November 2011.

Under the second provision of § 213(8), Plaintiff's claim would not be barred if brought within two years of when she actually, or with due diligence could have, discovered the purported fraud. N.Y. C.P.L.R. § 213(8). Plaintiff states in September 2010 she learned that the mobile home was not located on the Dickinson property, but rather on another owner's parcel. See Compl. ¶ 37. Even accepting as true that Plaintiff was unable to discover the discrepancy regarding the mobile home prior to September 2010, she was required to bring her claim by September 2012. See N.Y. C.P.L.R. § 213(8). Therefore, because Plaintiff did not commence this action until March 2013, six months after the two-year statute of limitations had expired, Plaintiff's claim concerning the Dickinson property is time-barred.

Regarding the Malone property, Plaintiff appears to argue that her legal claim did not accrue until May 2007, when the Malone building inspector informed her that the home located on the property was unfit for human habitation. Pl.'s Resp. at 3; Compl. ¶ 43. As stated *supra*, the alleged fraud occurred in 2005, when the deed was conveyed to her. Thus, under the first provision of § 213(8), Plaintiff's claim was barred after November 2011.

Under the second provision of § 213(8), accepting as true that Plaintiff could not have discovered the fraud until 2007, her claim was barred after 2009. Under C.P.L.R. § 213(8), Plaintiff's claim is barred by the "later of" six years from the commission of the fraud (November 2005) and two years from when she discovered the alleged fraud (May 2007). Therefore, at the latest, Plaintiff's claim regarding the Malone property was barred by November 2011.

Additionally, with respect to Plaintiff's claims against Franklin County, General Municipal Law § 50-i(1) states that a tort claim "against a city, county, town, [or village,] . . . shall be

7

commenced within one year and ninety days after the happening of the event upon which the claim is based." As stated *supra*, the "happening of the event" occurred on November 3, 2005; yet, Plaintiff did not commence this action until March 2013. Thus, Plaintiff's Complaint was filed well after the one-year-and-ninety-day limitation, and her claims with respect to Franklin County are therefore subject to dismissal on those grounds as well.

### 2. Notice of Claim

It is well-settled under New York law that, "a notice of claim, pursuant to [General Municipal Law] § 50-e is a mandatory condition precedent to the bringing of a tort claim against a public corporation, or any of its officers, appointees, or employees." Brown v. Metro. Transp. Auth., 717 F. Supp. 257, 259 (S.D.N.Y. 1989). The notice of claim must state the nature of the action and remedy sought, and be served "within 90 days after the claim arises." N.Y. GEN. MUN. LAW§ 50-e(1)(a). "Absent a showing of such a notice of claim, the [plaintiff's] complaint may be dismissed for failure to state a cause of action." Brown, 717 F. Supp. at 259 (citing Wrenn v. New York City Health & Hosps., 104 F.R.D. 553, 557 (S.D.N.Y. 1985).

As stated *supra*, Plaintiff's claim arose on November 3, 2005, when she took title to the Dickinson and Malone properties. However, Plaintiff did not serve her notice of claim until September 9, 2010. Cnty. Mot. at 6. Thus, Plaintiff's notice of claim was served well beyond the time limitation set forth in General Municipal Law § 50-e. Plaintiff does not contest her failure to comply with the notice of claim filing requirements, but merely states that she waited for a response from the County Defendants, and after receiving none, commenced this action. Pl.'s Resp. at 2.

Mindful of Plaintiff's *pro se* status, the Court notes that "upon application, the court, in its discretion, may extend the time to serve a notice of claim." N.Y. GEN. MUN. LAW § 50-e(5).

8

However, "[t]he extension shall not exceed the time limited for the commencement of an action by the claimant against the public corporation." Id. As stated *supra*, Plaintiff was required to bring her claim against Franklin County within one year and ninety days of November 3, 2005. Thus, any extension granted almost nine years later would be unable to cure Plaintiff's deficiency in her notice of claim.

### 3. Failure to State a Claim

Under New York law, to state a claim for fraud a plaintiff must establish that: (1) defendant made a representation as to a material fact; (2) such representation was false; (3) defendant intended to deceive plaintiff; (4) plaintiff believed and justifiably relied upon the statement and was induced by it to engage in a certain course of conduct; and (5) as a result of such reliance plaintiff sustained pecuniary loss. Amusement Indus., Inc. v. Stern, 786 F. Supp. 2d 758, 778 (citing Ross v. Louise Sise Servs., 868 N.E.2d 189, 193 (N.Y. 2007)).

The County Defendants argue that the explicit disclaimers in the brochure and Terms and Conditions, which explained that all properties were sold "as is," contained no warranties as to the condition or title of properties, and did not include any personal property firmly establish a lack of intent to deceive Plaintiff. Cnty. Mot. at 9. The Court agrees. With respect to the Dickinson property, the terms of sale are unambiguous that no personal property is included in the sale of real property. See Compl. ¶ 33. Similarly, regarding the Malone property, the terms are clear that no warranty is made with respect to the property's condition and it is sold "as is." See id. Thus, on its face, the Complaint makes clear that Defendants did not intend to defraud Plaintiff. See generally Compl.; see also Amusement Indus., Inc., 786 F. Supp. 2d at 778. Therefore, even accepting

9

Plaintiff's allegations as true, she has failed to state a claim.[4]

### B. Claims Against Community Bank

Plaintiff appears to allege that Community Bank serves as the property tax collector for Franklin County, and as such, is the party able to reimburse her for property taxes she should not have been required to pay regarding the mobile home. See generally Pl.'s Resp. In support, Plaintiff has included a copy of a tax bill from a local school district indicating that tax payments should be made to the tax collector's account at Community Bank. Dkt. No. 59-2, Ex. 1. Community Bank argues that Plaintiff is mistaken; the tax bill reveals that Community Bank is merely the bank at which the tax collector for Franklin County maintains an account, but Community Bank otherwise has no connection to the real estate auction or the collection of property taxes. Dkt. No. 62 at 3. The Court agrees. Aside from Plaintiff's failure to allege fraud by Community Bank, she also has failed to otherwise demonstrate any connection between Community Bank and her claims. Accordingly, Plaintiff has failed to state a claim against Community Bank.

### C. Claims Against Ocwem

Plaintiff alleges that Ocwen, as owner of the mobile home at issue, knew that it was not located on the Dickinson property, yet allowed Franklin County to fraudulently convey the mobile home and assess property taxes against Plaintiff accordingly. Compl. ¶¶ 64, 73. Ocwen has yet to appear or otherwise respond to the Complaint. See generally Docket.

---

[4] Because the Court finds that Plaintiff's claims against the County Defendants are barred by the applicable statute of limitations, her failure to timely serve the notice of claim, and for failure to state a claim, the Court need not reach the County Defendants' final argument that Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata. See Cnty. Mot. at 7-8.

Plaintiff previously requested an entry of default against all Defendants, including Ocwen, for failure to timely appear. Dkt. No. 10. After the Clerk of the Court denied Plaintiff's request, Dkt. No. 11, Plaintiff requested reconsideration of her request from the Court, Dkt. No. 12. In the Court's Order dated July 2, 2013, Plaintiff was advised that she had not completed service of process upon Defendants. Dkt. No. 15 at 2. Specifically, because Plaintiff elected to serve Defendants by mail, service was not complete until she provided a signed acknowledgment of receipt from Defendants. Id. Plaintiff was instructed that if she wished to continue pursuing this action, she must re-attempt service of process by one of the other methods set forth in Federal Rule of Civil Procedure 4(c)(3) or (e)(2). Id. Plaintiff eventually completed service of process as to all Defendants other than Ocwen. See Dkt. Nos. 19-23, 25, 49.

Subsequently, the Court granted Plaintiff's request to direct the U.S. Marshals to serve Ocwen by mail. Dkt. No. 27 at 5. On October 1, 2013, the summons issued for Ocwen was returned as "unexecuted" because the address provided by Plaintiff was "vacant" and no forwarding address was provided. Dkt. No. 38. Plaintiff was instructed that, if service could not be completed at the address provided by Plaintiff, she could request personal service by the U.S. Marshals. See Dkt. No. 27 at 4-5. However, Plaintiff has not requested personal service on Ocwen. See Docket.

28 U.S.C. § 1915(e)(2) directs that, when a plaintiff seeks to proceed *in forma pauperis*, "[t]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." Thus, although a court has a duty to show liberality toward *pro se* litigants, see Nance v. Kelly, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering *sua sponte* dismissal of a *pro se* complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond,"

11

Anderson v. Coughlin, 700 F.2d 37, 41 (2d Cir. 1983) (citations omitted and emphasis in original), a court also has a responsibility to determine that a claim is viable before permitting a plaintiff to proceed with an action *in forma pauperis*. Moreover, a Court may perform § 1915(e)(2) review more than once. See 28 U.S.C. § 1915(e)(2) (noting that a court may dismiss a case "at any time"); Cusamano v. Sobek, 604 F. Supp. 2d 416, 434-35 (N.D.N.Y. 2009).

Although Plaintiff's claim against Ocwen survived initial review under § 1915(e)(2), see Dkt. No. 5 at 1-2, the Court, upon further review, finds that Plaintiff's claims against Ocwen are subject to dismissal. First, under Federal Rule of Civil Procedure 4(m), a court may *sua sponte* dismiss a complaint for failure to serve a defendant within the required 120-day period, after notice is given to the plaintiff. See FED. R. CIV. P. 4(m). Here, Plaintiff has been notified repeatedly, most recently in October 2013, that Ocwen was not properly served. See Dkt. Nos. 15; 27; 35. Moreover, mindful of Plaintiff's *pro se* status, the Court has liberally granted several extensions for Plaintiff to serve Ocwen. Dkt. Nos. 27; 35. However, Plaintiff has not attempted to re-serve Ocwen over the past ten months, which is well beyond the 120-day period under Rule 4(m). Therefore, Plaintiff's claims against Ocwen are subject to *sua sponte* dismissal for her failure to timely serve them.

In addition, Plaintiff has not alleged that Ocwen participated in any fraudulent activity; Plaintiff merely alleges that Ocwen permitted the purported fraud by Franklin County to continue without intervening. See generally Pl.'s Resp. However, even accepting Plaintiff's allegations as true, as discussed *supra*, fraud is an intentional tort. Plaintiff has not alleged that Ocwen intended to defraud Plaintiff, nor has she advanced any alternative theory of liability against Ocwen. Thus, Plaintiff has failed to state a claim for fraud against Ocwen.

12

Finally, Plaintiff's claims against Ocwen arise out of the same deed transfer, and are governed by the statute of limitations discussed *supra*. Accordingly, Plaintiff's claims against Ocwen would also be barred by the statute of limitations. See Pino v. Ryan, 49 F.3d 51 (2d Cir. 1995) (affirming district court's dismissal of a complaint *sua sponte* as time-barred where the complaint was "based on an indisputably meritless legal theory" and no additional facts could cure the failure to comply with the statute of limitations). Therefore, Plaintiff has failed to state a claim against Ocwen.

### D. Plaintiff's Request for Reconsideration

On October 10, 2013, Plaintiff requested an entry of default against LaVoie and Miller. Dkt. No. 48. Plaintiff's request was denied by the Clerk of the Court because "[t]he docket reflects that the defendants upon whom [Plaintiff] request[s] entry of default have not defaulted." Dkt. No. 51. Plaintiff then filed a request for consideration of the Clerk's denial. Pl.'s Req. Plaintiff asserts that LaVoie and Miller have defaulted because they have not responded to her Complaint. Id. at 2. However, Plaintiff appears to misunderstand that LaVoie and Miller were included in the County Defendants' Motion to dismiss. See Cnty. Mot. at 1. Thus, LaVoie and Miller have not defaulted, and Plaintiff's request for reconsideration is without merit.[5]

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the County Defendants' Motion (Dkt. No. 29) to dismiss is **GRANTED**; and it is further

---

[5] Lastly, because the Court finds that Plaintiff's Complaint should be dismissed as against all Defendants, it need not reach the merits of Plaintiff's Motions for summary judgment. See Dkt. Nos. 40; 68.

13

**ORDERED**, that Defendants Community Bank and Tryniski's Motion (Dkt. No. 50) to dismiss is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Motion (Dkt. No. 40) for summary judgment and Amended Motion (Dkt. No. 68) for summary judgment are **DENIED as moot**; and it is further

**ORDERED**, that Plaintiff's Request (Dkt. No. 58) for reconsideration of the Clerk's denial of Plaintiff's request for entry of default against Defendants Miller and LaVoie is **DENIED**; and it is further

**ORDERED**, that Plaintiff's Complaint (Dkt. No. 1) is **DISMISSED without leave to amend**;[6] and it is further

**ORDERED**, that the Clerk of the Court close this case; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED: August 28, 2014
Albany, NY

Lawrence E. Kahn
U.S. District Judge

---

[6] When dismissing a complaint filed by a *pro se* plaintiff, courts must be generous in granting leave to amend deficiencies in the complaint. See Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). However, when leave to amend would be futile, it is not necessary. See id. Here, leave to amend would be futile, as Plaintiff would be unable to remedy the untimeliness of her claims, she has failed to re-attempt proper service upon Ocwen, and her extensive filings fail to plausibly allege a viable claim against any Defendants.